1  JUDONDI BOLDEN   SBN 214509
   NICOLE HODGE       FBN CA 215157
2
   **OFFICE OF JUDONDI BOLDEN, ATTORNEY AT LAW**
3  P.O. Box 5248
   Oakland, CA  94605
4
   Telephone: 510.834.8263
5  Facsimile: 888.536.9775

6  Attorneys for Plaintiff:  EDEN HOUSING MANAGEMENT, INC.

7
                  IN THE UNITED STATES DISTRICT COURT
8         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9

| | |
|---|---|
| EDEN HOUSING MANAGEMENT, INC., | Case No.: C07-04325 JL |
| Plaintiff, | **PLAINTIFF EDEN HOUSING MANAGEMENT INC.'S BRIEF IN SUPPORT OF REQUEST FOR REMAND AND OPPOSITION TO NOTICE OF REMOVAL** |
| vs. | |
| JAMES KARIM MUHAMMAD, | |
| Defendant. | *Filed concurrently with:* |
| | 1. Motion for Remand; |
| | 2. Declaration of Judondi Bolden |
| | 3. [proposed] Order. |

## STATEMENT OF FACTS

1. Plaintiff (hereinafter "PLAINTIFF") is the landlord of the property commonly known as Community Heritage Apartments, located in Richmond, CA (herein after the "PROPERTY"). Defendant JAMES KARIM MUHAMMAD resides at said property.

2. Pursuant to a Project Rental Assistance Contract (PRAC) between Plaintiff and the Department of Housing and Urban Development (HUD), rents for the dwelling units at the property are subsidized by HUD, and occupancy is limited to elderly families and individuals as defined in Section 202 of the Housing Act of 1959, as amended.

3. Tenancy at the property may only be terminated in accord with HUD guidelines requiring good cause and written notice. *(Exhibit A, Paragraph 8(b) et. seq.)*

4. If the tenant does not vacate the premises by the expiration of the termination notice, the landlord may pursue all judicial remedies under State or local law for the eviction of the tenant, provided that the prerequisite termination notice was given for good cause and served in accordance with the HUD requirements. *(Exhibit A, Paragraph 8(c))*

5. On July 8, 2007, Defendant MUHAMMAD was served a 3-day notice to terminate his tenancy for failure to correct certain unit inspection violations, failure to permit access to the subsidized unit, and unlawful conduct against two of plaintiff's employees.

6. Defendant MUHAMMAD continues to occupy the subject unit follow expiration of the 3-day notice.

7. Plaintiff filed the instant Complaint for Unlawful Detainer against Defendant MUHAMMAD on August 9, 2007.

8. I am informed and believe that between August 9 and August 31, 2007, numerous attempts to effect service on Defendant MUHAMMAD were unsuccessful.

9. Defendant MUHAMMAD filed his Notice of Removal on August 22, 2007, and purported to serve Plaintiff's counsel, Judondi Bolden, via postal mail on August 21, 2007. *(Exhibit B)*

10. According to the postmark on the envelope, Defendant MUHAMMAD actually mailed the Notice of Removal to Plaintiff's counsel on August 27, 2007. *(Exhibit C)*

11. Personal service of the instant summons and complaint was effected on Defendant MUHAMMAD August 30, 2007.

12. I am informed and believe that Plaintiff's counsel received said Notice of Removal on August 31, 2007.

## LACK OF FEDERAL JURISDICTION

13. Defendant MUHAMMAD's argument that, because it involves a HUD regulated tenancy, this action involves a federal question under 28 USC §1331 is in error.

14. Tenancy at the property may only be terminated in accord with HUD guidelines requiring good cause and written notice. 24 CFR §891.430, 24 CFR Part 247. These threshold requirements must be met before the landlord can file an action for unlawful detainer of the premises. *(Exhibit A, Paragraph 8b et. seq.)*.

15. The determination of whether certain conduct is good cause to terminate a tenancy is within the discretion of the landlord, provided that it falls within specific categories as defined by HUD regulations. 24 CFR §247.3(a).

16. The instant rental contract and applicable HUD regulations specifically defer jurisdiction for eviction actions in unlawful detainer to state court. 24 CFR Sec§ 247.6(a).

17. The state court has statutory original jurisdiction over limited civil cases in unlawful detainer. California Code of Civil Procedure §85(c)(4) and §86(a) (4).

18. The issues to be adjudicated in the instant unlawful detainer action are whether Plaintiff is entitled to possession of the subsidized rental unit based upon Defendant MUHAMMAD's material breach of the lease agreement, and whether Defendant has any viable affirmative defense for that breach. Neither requires interpretation of any federal laws or regulations.

19. Since the state court has original jurisdiction, 28 USC §1331 is inapplicable to this case. Because 28 USC §1441(b) requires that the district court have original jurisdiction over the civil action to be removed, and here it does not, this case is not removable.

20. Defendant MUHAMMAD claims that the action is removable based upon 42 USC §1983, which is applicable to civil actions involving deprivation of rights. Plaintiff in this case has brought the action contending that Defendant MUHAMMAD has materially breached the written rental contract and failed to vacate in accord with proper written notice. Nowhere in the complaint does Plaintiff raise any allegations involving deprivation of civil rights. Thus, this basis for removal is without foundation, and fails to confer the required subject matter jurisdiction.

21. To the extent that Defendant MUHAMMAD seeks to remove this action based upon the counter-claims in his verified Answer purportedly arising under 42 USC §1983, such claims are disallowed in an unlawful detainer action. Because they would subvert the summary nature of the proceedings, counter- or cross-claims are strictly limited to those within the scope of permissible affirmative defenses relevant to the issue of immediate possession. *Knowles v. Robinson* (1963) 60 C2d 620. Defendant MUHAMMAD's counter-claims involving "damages for elder abuse and by a person acting as HUD official" as per paragraph 14 of his verified Answer do not meet that criteria, and thus must be raised in a separate, independent action. Therefore, Defendant again has provided no basis for removal of this case.

**REQUEST FOR COSTS UNDER 28 USC §1447 (c)**

**22.** Plaintiff, EDEN HOUSING MANAGEMENT, INC. requests an award of costs incurred as a result of removal , pursuant to 28 USC §1447(c) which states in pertinent part:

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" .

**23.** To date, the cost incurred as a result of removal is $1250.00, including attorney's fees, and costs incurred for service of process and court filing services.

**24.** In addition, based upon Defendant MUHAMMAD's apparent attempts to delay the summary proceeding by avoiding service of process in effort to remove this matter, improperly, to district court, this Court would not be unwarranted in granting Plaintiff's request for costs.

**WHEREFORE,** Plaintiff EDEN HOUSING MANAGEMENT prays that the Court

1. Remand the case back to state court for lack of subject matter jurisdiction;
2. Award to Plaintiff costs incurred by the Notice of Removal in the amount of $1250.00, and;
3. Any further relief deemed proper by the Court.

Respectfully submitted,

Dated: 9/12/07           /s/Nicole Hodge
                Nicole Hodge
                OFFICE OF JUDONDI BOLDEN, ATTORNEY AT LAW
                Attorneys for Plaintiff,
                EDEN HOUSING MANAGEMENT, INC.