JUDONDI BOLDEN   SBN 214509
NICOLE HODGE      FBN CA 215157

**OFFICE OF JUDONDI BOLDEN, ATTORNEY AT LAW**
P.O. Box 5248
Oakland, CA  94605

Telephone: 510.834.8263
Facsimile: 888.536.9775

Attorneys for Plaintiff:  EDEN HOUSING MANAGEMENT, INC.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

EDEN HOUSING MANAGEMENT, INC.,

    Plaintiff/Petitioner,

vs.

JAMES KARIM MUHAMMAD,

    Defendant/Respondent.

)   Case No.: C07-04325 SBA
)
)
)   **NOTICE OF MOTION, MOTION AND PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR REMAND**
)
)   Action Filed: August 9, 2007
)
)   Action Removed to this Court:
)       August 22, 2007

Date: November 27, 2007
Time: 1:00 pm
Place: Courtroom 3, 3rd Floor
Judge: Hon. Saundra Brown Armstrong

*Filed concurrently with:*

  1.  Declaration of Nicole Hodge
  2.  [proposed] Order.

**NOTICE OF MOTION AND MOTION OF PETITIONER SEEKING REMAND**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Tuesday, November 27, 2007, at 1:00 pm, or as soon thereafter as this matter can be heard by the above-entitled court, located at 1301 Clay Street, Courtroom 3, 3rd Floor, Oakland, California, Plaintiff and Petitioner Eden Housing Management, Inc. will, and hereby do, move for an Order that this action be remanded to state court. 28 USC §1447(c). Petitioner also requests an Order that Respondent be required to pay Petitioner's actual expenses, including attorney's fees, incurred as a result of removal, per 28 USC §1447(c).

As set out in the accompanying Memorandum of Points and Authorities, remand is appropriate in this case because the Court lacks subject matter jurisdiction.

Before filing this Motion, Petitioner satisfied the meet and confer requirements of Local Rule 37-1 as set out in the accompanying Declaration of Nicole Hodge.

This Motion is based on the Notice, the accompanying Memorandum of Points and Authorities and Declaration of Nicole Hodge, both herewith, all pleadings and papers on file in this Action, and such other matter as may be presented to Court at the time of hearing.

## STATEMENT OF FACTS

Petitioner/Plaintiff Eden Housing Management (hereinafter "PETITIONER") is the landlord of the property commonly known as Community Heritage Apartments, located in Richmond, CA (herein after the "PROPERTY"). Defendant and Respondent (hereinafter "RESPONDENT") JAMES KARIM MUHAMMAD resides at said property. Pursuant to a Project Rental Assistance Contract (PRAC) between Petitioner and the Department of Housing and Urban Development (HUD), rents for the dwelling units at the property are subsidized by

HUD, and occupancy is limited to elderly families and individuals as defined in Section 202 of the Housing Act of 1959, as amended.

Tenancy at the property may only be terminated in accord with HUD guidelines requiring good cause and written notice. *(Exhibit A, Paragraph 8(b) et. seq.)* If the tenant does not vacate the premises by the expiration of the termination notice, the landlord may pursue all judicial remedies under State or local law for the eviction of the tenant, provided that the prerequisite termination notice was given for good cause and served in accordance with the HUD requirements. *(Exhibit A, Paragraph 8(c))*

On July 8, 2007, Respondent MUHAMMAD was served a 3-day notice to terminate his tenancy for failure to correct certain unit inspection violations, failure to permit access to the subsidized unit, and committing assault and battery against two of plaintiff's employees, Toni Cummings and Mary Green-King.

Respondent MUHAMMAD continues to occupy the subject unit follow expiration of the 3-day notice. Plaintiff filed the Complaint for Unlawful Detainer against Respondent MUHAMMAD on August 9, 2007 in the Superior Court of the County of Contra Costa. Attempts to effect service of process on Respondent were commenced immediately, but unsuccessful.

Respondent MUHAMMAD filed his Notice of Removal on August 22, 2007, and purported to serve Petitioner's counsel, Judondi Bolden, via postal mail on August 21, 2007. *(Exhibit B)*. According to the postmark on the envelope, Respondent MUHAMMAD actually mailed the Notice of Removal to counsel on August 27, 2007. *(Exhibit C)*

Personal service of the instant summons and complaint was effected on Respondent MUHAMMAD August 30, 2007.

Following receipt of the Notice of Removal, Petitioner filed a Request for Remand, ex parte, with this Court on September 12, 2007. There has been no ruling as yet.

The state court has retained jurisdiction over the case notwithstanding Respondent's Notice of Removal. On October 31, 2007 Petitioner was ordered to show cause why sanctions should not issue for failure to disposition the instant unlawful detainer within 45 days in accord with Contra Costa county "fast track" guidelines. This OSC was continued until December 19, 2007 to allow time for this Motion to be brought and this Court to determine proper jurisdiction. Petitioner now brings its Motion for Remand.

**LEGAL STANDARD**

The Federal court must have original jurisdiction, either by subject matter or by diversity of citizenship, over the civil action to be removed, pursuant to 28 USC §1441. Because diversity jurisdiction is not at issue in the instant case, this court has jurisdiction over the instant case provided that it arises, pursuant to 28 USC §1331, under the federal law that creates the cause of action, or the "vindication of a right under state law *necessarily* turns on on some construction of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1. 8-9 (1983) (emphasis added).

The party seeking removal bears the burden of establishing federal jurisdiction. Further, the removal statute is strictly construed against removal. Prize Frize Inc. v. Matrix Inc. , 167 F.3d 1261, 1265 (9th Cir. 1999). Because "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance", there is a strong presumption in favor of remanding the case back to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

# ARGUMENT

## I. THIS COURT LACKS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 USC §1331.

Respondent MUHAMMAD's argument that, because it involves a HUD regulated tenancy, this action involves a federal question under 28 USC §1331 is in error.

Tenancy at the property may only be terminated in accord with HUD guidelines requiring good cause and written notice. *24 CFR §891.430, 24 CFR Part 247*. These threshold requirements must be met before the landlord can file an action for unlawful detainer of the premises. *(Exhibit A, Paragraph 8b et. seq.)*. The determination of whether certain conduct is good cause to terminate a tenancy is within the discretion of the landlord, provided that it falls within specific categories as defined by HUD regulations. *24 CFR §247.3(a)*.

The instant rental contract and applicable HUD regulations specifically defer jurisdiction for eviction actions in unlawful detainer to state court. *24 CFR Sec§ 247.6(a)*. To that end, the state court has statutory original jurisdiction over limited civil cases in unlawful detainer. *California Code of Civil Procedure §85(c)(4) and §86(a) (4)*.

The issues to be adjudicated in the instant unlawful detainer action are whether Petitioner is entitled to possession of the subsidized rental unit based upon Defendant MUHAMMAD's material breach of the lease agreement, and whether Respondent has any viable affirmative defense for those breaches. Neither requires interpretation of any federal laws or regulations. Since the state court has original jurisdiction, 28 USC §1331 is inapplicable to this case.

Because 28 USC §1441(b) requires that the district court have original jurisdiction over the civil action to be removed, and here it does not, this case is not removable. Thus this Court can properly grant Petitioner's Motion for Remand.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO 42 USC §1983.

Respondent MUHAMMAD further claims that the instant action is removable based upon 42 USC §1983, which is applicable to civil actions involving deprivation of rights. Petitioner in this case has brought the action contending that Respondent MUHAMMAD materially breached the written rental contract and failed to vacate in accord with proper written notice. Nowhere in the complaint does Petitioner raise any allegations involving deprivation of civil rights. Thus, this basis for removal is without foundation, and fails to confer the required subject matter jurisdiction.

To the extent that Respondent MUHAMMAD seeks to remove this action based upon the counter-claims in his verified Answer purportedly arising under 42 USC §1983, such claims are disallowed in an unlawful detainer action. Because they would subvert the summary nature of the proceedings, counter- or cross-claims are strictly limited to those within the scope of permissible affirmative defenses *relevant to the issue of immediate possession*. (emphasis added). <u>Knowles v. Robinson</u> (1963) 60 C2d 620.  In this action, Respondent MUHAMMAD's counter-claims involving "damages for elder abuse and by a person acting as HUD official" as per paragraph 14 of his verified Answer do not meet that criteria, and thus must be raised in a separate, independent action. Further, said claims can be adjudicated in the state court, as they do not necessarily turn on or require an interpretation of federal law. Therefore, Defendant again has provided no basis for proper removal of this case.

**III.    AN AWARD OF COSTS UNDER 28 USC §1447 (c) IS APPROPRIATE IN THIS CASE.**

Respondent MUHAMMAD cannot successfully establish that this suit for unlawful detainer should be adjudicated in Federal court. Accordingly, Petitioner, EDEN HOUSING MANAGEMENT, INC. requests an award of costs incurred as a result of removal , pursuant to 28 USC §1447(c) which states in pertinent part:

> "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" .

Here, in an apparent attempt to derail and avoid a lawsuit brought pursuant to a statutory scheme specifically created to resolve disputes over possession of real property quickly and summarily, Respondent's removal notice has resulted in unwarranted delay and a significant additional cost for Petitioner to prosecute the action. Should this Court find in favor of Petitioner for remand back to state court, this Court would not be unwarranted in granting Plaintiff's request for costs and fees in connection with this Motion.

## CONCLUSION

For the reasons stated above, the Court lacks subject matter jurisdiction in this case. It should therefore grant Petitioner's Motion for Remand. The Court should also award Petitioner reasonable costs, including attorneys fees, incurred in connection with the remand notice.

Dated: 11/13/07          /s/Nicole Hodge
                         Nicole Hodge
                         OFFICE OF JUDONDI BOLDEN, ATTORNEY AT LAW
                         Attorneys for Plaintiff,
                         EDEN HOUSING MANAGEMENT, INC.