IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN HOUSING MANAGEMENT, INC., | No. C 07-04325 SBA |
| Plaintiff, | **ORDER**<br>[Docket No. 16] |
| vs. | |
| JAMES KARIM MUHAMMAD, | |
| Defendant. | |

Currently before the Court is plaintiff Eden Housing Management, Inc.'s (Eden) motion to remand pursuant to 28 U.S.C. § 1447(c) [Docket No. 16]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

**BACKGROUND**

Eden is the landlord of an apartment complex in Richmond, California. Defendant James Karim Muhammad resides in one of the apartments at the complex pursuant to a rental assistance agreement between Eden and the Department of Housing and Urban Development (HUD). *See* Docket No. 16 at 2-3. HUD subsidizes a portion of Muhammad's monthly rental payments. *Id.*

On July 8, 2007, Muhammad was served a three-day notice to terminate his tenancy for failure to correct inspection violations, failure to permit access to the subsidized unit and for allegedly assaulting two of Eden's employees. *See* Docket No. 16 at 3. On August 9, 2007, Eden filed an unlawful detainer action against Muhammad in Contra Costa Superior Court. *Id.* On August 22, 2007, Muhammad filed a notice of removal in this Court to have the case removed based upon the involvement of HUD in the contractual arrangement and upon alleged violations of his civil rights. *Id.* at 5-6.

On September 12, 2007, rather than properly noticing its motion pursuant to the Local Rules, Eden improperly filed an ex parte opposition to removal and a motion to remand the case back to state court. *See* Docket No. 8. On October 31, 2007, the Contra Costa County Superior Court issued an order to show cause why sanctions should not be imposed on Eden for failing to dispose of the case within 45 days in accordance with Contra Costa County's "fast track" guidelines established to obtain quick resolution of unlawful detainer actions. *See* Docket No. 16 at 4. The state court continued the eviction proceedings until December 19, 2007 to allow time for this Court to resolve the removal issue.

On November 14, 2007, Eden filed a second motion to remand that is virtually identical to its first ex parte motion to remand. *See* Docket No. 16. Unlike the first, this second motion was properly noticed for a hearing in accordance with the Local Rules. On the same day, Eden filed an ex parte motion to shorten time, requesting that Muhammad be required to file his opposition to Eden's motion to remand by November 19, 2007. *See* Docket No. 13. This Court granted Eden's motion to shorten time, and ordered Muhammad to file his opposition papers, if any, by November 19. Muhammad has failed to file any opposition to Eden's motion to remand.

## LEGAL STANDARDS

As a general matter, federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005). A defendant or defendants may remove to federal court any action over which the federal court would have had original subject matter jurisdiction, *i.e.*, either on the basis of a federal question or the diverse citizenship of the parties. *See* 28 U.S.C. § 1441.

Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002);

*California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936) (the federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"). The existence of a defense based on federal law, however, is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue. *Wayne*, 294 F.3d at 1183. The plaintiff is the "master of the claim," and may avoid federal jurisdiction by relying exclusively on state law. *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002).

The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute. *See Abrego Abrego v. Dow Chem.* Co., 443 F.3d 676, 685 (9th Cir. 2006); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The propriety of removal is determined solely on the basis of pleadings filed in state court, *i.e.*, by looking "to the complaint at the time the removal petition was filed." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam).

## ANALYSIS

**A.     Motion to Remand**

Eden argues that Muhammad offers two reasons for removal to federal court: 1) the rental contract involves a federal agency (HUD), and 2) Muhammad claims his civil rights were violated. Eden correctly notes that HUD guidelines place jurisdiction for eviction actions involving subsidized tenants in the hands of state court. *See* Docket No. 16 at 5; 24 C.F.R. § 247.6(A).[1] Therefore removal cannot be based on HUD's involvement in Muhammad's rental contract.

Eden further argues that its unlawful detainer action presents no federal question. It is well established that "removability cannot be created by defendant pleading a counter-claim presenting a federal question. . . ." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quoting *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir.1975), *aff'd on other grounds sub*

---

[1] 24 C.F.R. § 247.6(a) states that "[t]he landlord shall not evict any tenant except by judicial action pursuant to State or local law and in accordance with the requirements of this subpart."

*nom. Jones v. Rath Packing Co.*, 430 U.S. 519 (1977)). The face of Eden's complaint contains no federal question, and removal cannot be based solely on allegations of civil rights violations first raised in Muhammad's counter-claim.

Additionally, state law prohibits a defendant from adding unrelated claims to an unlawful detainer action. "The summary character of [an unlawful detainer] action would be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of immediate possession could be introduced." *Glendale Fed. Bank v. Hadden*, 87 Cal. Rptr. 2d 102, 104 (Cal. Ct. App. 1999) (quoting *Knowles v. Robinson*, 387 P.2d 833, 836 (Cal. 1963); *Lincoln Place Tenants Ass'n v. City of Los Angeles*, 66 Cal. Rptr. 3d 120, 140 (Cal. Ct. App. 2007). If Muhammad seeks to pursue any civil rights violation, nothing prevents him from directly filing a § 1983 claim in federal district court within the applicable limitations period.

Since removal cannot be based on the reasons offered by Muhammad, and since state law prohibits his claims from being attached to the underlying eviction proceeding, Eden's motion to remand the case to state court should be granted.

**B.     Request for Costs**

Eden also requests reimbursement for the costs associated with its response to Muhammad's removal request. *See* Docket No. 16 at 7. Federal law states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(C). District courts have wide discretion over whether to award costs or fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); *see also Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *Martin*, 546 U.S. at 141.

In the present case, Muhammad has offered no reasonable basis for removal. Clearly established state and federal law unequivocally prohibit removal under the circumstances of this case. Morever, Muhammad's removal action has frustrated the summary nature of the unlawful detainer action against him and has forced the prolonged expenditure of resources in both state and federal court. Finally,

4

Muhammed has declined to oppose the motion to remand, implicitly recognizing the meritless nature of the removal. Since the defendant has provided no reasonable explanation for his removal action, Eden is entitled to be reimbursed the reasonable amount of its costs.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Eden's motion to remand this action to the California Superior Court for Contra Costa County pursuant to 28 U.S.C. § 1447 [Docket No. 16] is GRANTED. This case is REMANDED to the California Superior Court for Contra Costa County. Eden's improper Ex Parte Motion for Remand [Docket No. 8] is DENIED AS MOOT.

IT IS FURTHER ORDERED THAT Eden shall file and serve a motion for allowance of fees describing the services rendered in connection with its motion to remand, with attached time sheets, within 14 days of the date of any order awarding sanctions. Defendant shall file and serve an opposition to the Motion for Allowance of Fees within 10 days of receipt of the motion, and plaintiff may file and serve a reply to the opposition within 7 days of receipt of the opposition.

IT IS SO ORDERED.

Dated: 11/28/07

SAUNDRA BROWN ARMSTRONG
United States District Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EDEN HOUSING MANAGEMENT INC. et al,

        Plaintiff,

v.

MUHAMMAD et al,

        Defendant.

Case Number: CV07-04325 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 28, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Karim Muhammad
1555 3rd Street, Apt. 318
Richmond, CA 94801

Dated: November 28, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk