James Karim Muhammad
1555 3rd Street
Richmond, CA 94801
Phone (10) 860-5373



United States District Court

Northern District Of California

| | |
|---|---|
| Eden Housing Management, Inc. ) | Case No. C-07-04325SBA |
| Plaintiff ) | Memorandum Of Points And Authorities In Support |
| vs ) | Of Motion To Set Aside Default |
| James Karim Muhammad ) | |
| ) | Date Nov. 27, 2007 |
| ) | Time 1:00 pm. |
| ) | Place Courtroom 3, 3rd Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

Notice And Opportunity to be heard is a requirement under both California State Constitution, Article 1, section 7 and section 1 of the 14th Amendment to the Constitution of the United States; and both were denied by the Court granting the ex parte Request For Order Shortening Time to hear the Motion of the plaintiff, Eden Housing Management, Inc without specific notice to the defendant, James Karim Muhammad.

Johnson v Zerbst, 82 L. Ed 1461 and Mullane v Central Hanover 339 U.S. 306. See also Mooney v Holohan, 294 U.S. at 108, holding:

1

> "The trial court is a tribunal. Its function is to hear the evidence on both sides of the case, to decide which evidence is more reliable, and to pronounce judgment in according with such finding of fact. The court must be impartial between the accuser and the accused, and above all, it must hear the accused before depriving him of life liberty or property."

Because the defendant, James Karim Muhammad was not notified that a Motion of any type was scheduled to be heard by the Court on November 16, 2007, the above named defendant respectfully contends that it was a denial of Due Process of law for the Court to make a ruling granting the exparte motion of the plaintiff without the requisite notice to the defendant above named.

IF GIVEN THE REQUISITE NOTICE
THAT AN EX PARTE MOTION FOR
REQUEST FOR ORDER SHORTENING
TIME, THE DEFENDANT WOULD
HAVE TENDERED ARGUMENT THAT
"A FEDERAL QUESTION IS INVOLVED
WHENEVER THE DECISION OF THE
CASE NECESSARILY INVOLVES
THE INTERPRETATION AND APPLICA-
TION .OF. ACTS OF CONGRESS"

A Federal question has been held to be involved whenever the decision of the case necessarily involves the interpretation and application of the United States Constitution or an Act of Congress. See Florida Power & L. Co. vs Miami (CCA 5th, 98 F2d 180, writ of certeriorari denied in 305 U.S. 644, 83 L. ed 415, 59 S. Ct. 147; Pearson vs McGraw, 308 U.S. 313, ante 293 60 S. Ct. 211; Stoll vs Gotlib, 305 U.S. 165, 170, 83 L. ed 104, 107, 59 S. Ct. 134, 38 Am. Bankr. Rep. (NS) 76, rehearing denied in 305 U.S. 675, 83 L. ed 437 59 S. Ct. 59 S. Ct. 250; Leth vs Hoey, 305 U.S. 188, 194, 83 L.Ed 119, 124 59 S. Ct. 134, 38 Am Bankr Rep (NS) 76, rehearing denied in 305 U.S. 675 83 L. ed 437, 59 S. Ct 250; Lyeth vs Hoey, 305 U.S. 188, 194, 83 L ed

119, 124, 59 S. Ct 155, 119 ALR 410; Heiner vs Msllon 304 U.S. 271, 279, 82 L ed 1337, 1344, 58 S. Ct. 926; Bradford vs Chase Nat Bank (DC) 24 F. Supp 1018, 1023, affirmed in (CCA 2d) 106 F. 2d 69; McCarty vs Gault (DC) 24 F Supp 977, 979; Hollingsworth vs General Petroleum Corp. (DC) 26 F Supp 917; Kernochan vs United States, 89 Ct Cl 507, 29 F Supp 860.

The matters which the plaintiff, Eden Housing Management, Inc. is attempting to litigate are in reference to and governed by sections 247 and 891 of Volume 24 of the Code of Regulations. Section 247.1 appears to refer to subsidized projects; and section 891.1 appears to be an act of Congress outlining the use of federal moneys for elderly and handicaped persons. Both of these provisions involves the interpretation and application of the United States Constitution or an Act of Congress and are therefore within the meanings of 28 U.S.C. sections 1446(b) and 1331.

Based upon the foregoing, the defendant respectfully contends thatif he had been given the opportunity to respond to plaintiff's Ex Parte Motion, the Court would very likely have ruled in favor of the defendant by denying the Exparte Motion as well as the Motion To Remand.

Dated: Nov. 23, 2007

I declare under penalty of perjury that the foregoing is true and correct.

*James K Muhammad* (signature)
James Karim Muhammad